1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARLOS HENDON,

11          Plaintiff,                    No. CIV S-06-1901 GEB KJM P

12      vs.

13   CALIFORNIA STATE PRISON
     SACRAMETNO,
14
            Defendant.              <u>ORDER</u>
15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

26   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

collected and forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

§ 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in

fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.

Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a

claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

complaint under this standard, the court must accept as true the allegations of the complaint in

question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    The court finds the allegations in plaintiff's March 20, 2007 amended complaint[1]

2    so vague and conclusory that the complaint fails to state a federal claim upon which relief can be

3    granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

4    complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

5    v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

6    least some degree of particularity overt acts which defendants engaged in that support plaintiff's

7    claim.  Id.  It appears plaintiff is not satisfied with the access he receives to the prison law library

8    and legal reference materials.  Plaintiff is informed that he does not have a freestanding right to

9    access to a prison law library.  He does have a right to access courts.  See Lewis v. Casey, 518

10   U.S. 343 (1996).  In order to show a violation of his right to access courts, plaintiff must show

11   that the actions of defendants resulted in some "actual injury" like dismissal of an action or

12   resulted in plaintiff being unable to file an action that was at least arguably meritorious.  Id. at

13   351.  Also, plaintiff suggests that his rights under the Americans with Disabilities Act (ADA) are

14   being violated by lack of or limited access to the law library.  In his second amended complaint,

15   plaintiff must describe how his lack of or decreased access to a law library causes him injury.

16   Plaintiff does not assert that he is denied access to legal materials in his complaint, just that he is

17   denied physical access to the law library.

18   Plaintiff's complaint must be dismissed.  The court will, however, grant leave to

19   file an amended complaint.  If plaintiff chooses to amend the complaint, plaintiff must

20   demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

21   constitutional rights or other rights arising under federal law.  See Ellis v. Cassidy, 625 F.2d 227

22   (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is

23   involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

24

25   [1] Plaintiff may amend his complaint once as a matter of right before a responsive

26   pleading is filed under Rule 15(a) of the Federal Rule of Civil Procedure.  Therefore, the court
     screens plaintiff's amended complaint.

1   or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423

2   U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588

3   F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

4   participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266,

5   268 (9th Cir. 1982).

6         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

7   order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

8   an amended complaint be complete in itself without reference to any prior pleading.  This is

9   because, as a  general rule, an amended complaint supersedes the original complaint.  See <u>Loux</u>

10  <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

11  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

12  original complaint, each claim and the involvement of each defendant must be sufficiently

13  alleged.

14        In accordance with the above, IT IS HEREBY ORDERED that:

15        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

16        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

17  The fee shall be collected and paid in accordance with this court's order to the Director of the

18  California Department of Corrections and Rehabilitation filed concurrently herewith.

19        3.  Plaintiff's complaint is dismissed.

20        4.  Plaintiff is granted thirty days from the date of service of this order to file a

21  second amended complaint that complies with the requirements of the Civil Rights Act, the

22  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

23  complaint must bear the docket number assigned this case and must be labeled "Second

24  Amended Complaint"; plaintiff must file an original and two copies of the second amended

25  complaint; failure to file a second amended complaint in accordance with this order will result in

26  a recommendation that this action be dismissed.

5.   The Clerk of Court is directed to send plaintiff the form for use in filing civil rights actions in this district.

DATED:  October 3, 2007.

_____
U.S. MAGISTRATE JUDGE

1
hend1901.14(3.20.07)